Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| JOSUÉ ORTIZ COLÓN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202300040 | *Revisión* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Clasificación de custodia<br><br>Caso Núm. 12-24867 |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece ante nos por derecho propio y de forma *pauperis* el Sr. Josué Ortiz Colón (en adelante, señor Ortiz Colón o recurrente) mediante el recurso de revisión judicial. Solicita la revisión de una determinación emitida el 22 de diciembre de 2022 por el Comité de Clasificación y Tratamiento (en adelante, CCT) del Departamento de Corrección y Rehabilitación (en adelante, DCR), en la cual confirmó el nivel de custodia mediana del recurrente.

Examinado el expediente, procedemos a devolver el caso de epígrafe al CCT del DRC. Explicamos.

**-I-**

El señor Ortiz Colón se encuentra confinado en la Institución Correccional Guerrero en el Municipio de Aguadilla, P.R. Allí, cumple una sentencia de 198 años, por violación al delito de

Asesinato en Primer Grado[1] y violación a la *Ley de Armas.*[2] Dicha sentencia fue dictada el 15 de marzo de 2000.

Así las cosas, el **16 de diciembre de 2022** el recurrente solicitó al CCT la evaluación de su Plan Institucional. Enfatizó dos asuntos: **primero**, que había pasado el término para su evaluación rutinaria, y **segundo**, solicitando la reclasificación de su custodia a custodia mínima en virtud de la Ley Núm. 85–2022.[3]

El **22 de diciembre de 2022**, el CCT emitió una *Resolución* ratificando la custodia mediana del recurrente.[4]

Inconforme con la resolución del CCT, el **29 de diciembre de 2022**, el señor Ortiz Colón solicitó reconsideración.[5] Indicó, que el CCT erró al ratificar su nivel de custodia mediana basado en el criterio no discrecional por faltarle <u>más</u> de 15 años para ser considerado a la Junta de Libertad Bajo Palabra, contrario a lo que establece la referida Ley Núm. 85–2022, *supra.*[6] El **4 de enero de 2023** se recibió dicha reconsideración por la Unidad de Servicios Sociopenales.[7]

Trabada ahí la controversia, y **transcurrido el término de quince (15) para considerar la referida moción de reconsideración, se entendió rechazada de plano**,[8] el **20 de enero de 2023** el recurrente presentó el recurso de revisión judicial de epígrafe. En síntesis, los errores que plantea son basados en que el DCR actuó contrario a las leyes, los reglamentos y los principios de

---

[1] Artículo 83 del Código Penal de 1974, 33 LPRA sec. 4002.
[2] Ley Núm. 17 del 19 de enero de 1951, conocida como *Ley de Armas de Puerto Rico*, derogada.
[3] Véase, Ley Núm. 85 de 11 de octubre de 2022. Esta ley enmendó el Art. 308 de la Ley 146-2012, según enmendada, conocida como el *Código Penal de Puerto Rico*, y el Art. 3 la Ley Núm. 118 de 22 de julio de 1974 de la Junta de Libertad Bajo Palabra, con el fin de atemperar su contenido con las disposiciones de estos estatutos con la Ley Núm. 168-2019, conocida como Ley de Armas de Puerto Rico de 2020. Además, véase el Anejo VI del recurrente, págs. 20 – 22.
[4] *Id.*, Anejo I, págs. 1 – 8.
[5] *Id.*, Anejo II, págs. 9 – 12.
[6] Véase, el Anejo I del recurrido, págs. 17-20.
[7] Véase, el Anejo I del recurrido, págs. 15 y 16.
[8] *Id.*

rehabilitación, al no reclasificar su nivel de custodia de mediana a mínima.

No obstante, **y de forma tardía**, dicha solicitud de reconsideración fue denegada el **23 de enero de 2023** y, notificada al recurrente el **14 de marzo de 2023**.[9]

Ahora bien, de los autos ante nuestra consideración surge que, el **15 de marzo de 2023** el DCR emitió una nueva *Hoja de Control sobre Liquidación de Sentencia* del señor Ortiz Colón, en la que se le notifica que el computo mínimo de su sentencia se cumple el **16 de agosto de 2024**.[10] Dos días después, **17 de marzo de 2023** el recurrente recibió la referida hoja, y el **27 de marzo de 2023** nos presentó un escrito al expediente de epígrafe en la cual nos informa que se le redujo el computo mínimo de su sentencia, según lo dispuesto en la Ley Núm. 85–2022, *supra.*[11]

Por su parte, y en cumplimiento con la orden de este Tribunal, el **27 de marzo de 2023** el DCR compareció ante nos a través de la Oficina del Procurador General. En síntesis, solicita la desestimación del recurso de epígrafe, ya que el asunto tornó académico al emitirse la nueva *Hoja de Control sobre Liquidación de Sentencia,* en la que se le notifica al recurrente que el computo mínimo de su sentencia se cumple el 16 de agosto de 2024, en virtud de lo dispuesto en la Ley Núm. 85–2022, *supra.*

-II-

En lo referente a la Ley Núm. 85–2022, *supra,* aprobada el 11 de octubre de 2022, la Exposición de Motivos señala su propósito de enmendar el Art. 308 de la Ley 146-2012, conocida como el *Código Penal de Puerto Rico*, y el Art. 3 la Ley Núm. 118 de 22 de julio de 1974, conocida como la *Ley Junta de Libertad Bajo Palabra*, con el

---

[9] Véase, el Anejo I del recurrido, pág. 21.
[10] Véase, Anejo III del recurrido, págs. 24-25.
[11] Véase en el expediente, escrito intitulado; AL EXPEDIENTE y su anejo.

fin de atemperar el contenido de estos estatutos con la Ley Núm. 168-2019, conocida como *Ley de Armas de Puerto Rico de 2020*. A ese fin, expuso los siguientes motivos:

> La sentencia más larga dispuesta en el Código Penal de Puerto Rico es de 99 años. No obstante, en variadas ocasiones, dependiendo de la naturaleza de los delitos cometidos las sentencias imponen sanciones consecutivas que pueden llegar a acumular penas de cientos de años de cárcel, convirtiéndose prácticamente en sentencias de encarcelamiento **de por vida** sin la posibilidad de libertad bajo palabra. Con la presente medida se busca establecer una manera justa, retributiva y rehabilitadora, que le permita a aquella persona convicta por varios delitos el poder ser considerada para libertad bajo palabra al cumplir con los términos de la sentencia más onerosa relacionada directamente con alguno de los delitos por los cuales fue encontrado culpable.
>
> La Junta de Libertad Bajo Palabra adquiere jurisdicción y puede decretar la libertad bajo palabra *"de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico… cuando haya cumplido la mitad de la sentencia fija que le ha sido impuesta, excepto cuando la persona haya sido convicta bajo dicho sistema de sentencia determinada por asesinato en primer grado, en cuyo caso la Junta adquirirá jurisdicción cuando la persona haya cumplido (25) años de su sentencia, o cuando haya cumplido diez (10) años de sentencia si la persona convicta por dicho delito lo fue un menor juzgado como adulto."* Artículo 3 de la Ley Núm. 118 de 1974, según enmendada, *supra*, 4 L.P.R.A. sec. 1503. Véase, además, Op. Sec. Just. Núm. 7 de 1986.
>
> Los criterios de elegibilidad a tomarse en consideración para conceder el privilegio de libertad bajo palabra son los siguientes: **(1)** la naturaleza y circunstancias del delito o delitos por el cual se cumple la sentencia; **(2)** las veces que el convicto haya sido convicto o sentenciado; **(3)** una relación de liquidación de la sentencia o sentencias que cumple el confinado; **(4)** la totalidad del expediente penal, social y los informes médicos e informes por cualquier profesional de la salud mental sobre el confinado; **(5)** el historial de ajuste institucional; y del historial social y psicológico del confinado, preparado por la Administración de Corrección y el historial médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud; **(6)** la edad del confinado; **(7)** el o los tratamientos para condiciones de salud que reciba el confinado; **(8)** la opinión de la víctima; **(9)** planes de estudios, adiestramiento vocacional o estudios y trabajo del confinado; **(10)** lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra y cualquier otra consideración que estime pertinente.
>
> Tomando en consideración lo anterior, en búsqueda del cumplimiento con la política pública constitucional de la rehabilitación que debe traducirse en un andamiaje penal más humano en la implementación de las penas, y sin obviar la responsabilidad de la persona ante el gobierno por sus acciones delictivas, es que esta legislatura aprueba la presente medida.

En cuanto a la enmienda al Art. 308 de la Ley 146-2012, conocida como el *Código Penal de Puerto Rico*, la Sección 1 de la referida Ley Núm. 85-2022, estableció lo siguiente:

> **Artículo 308.– Términos para cualificar para consideración de la Junta de Libertad bajo Palabra**.
> Toda persona convicta bajo las disposiciones de este Código podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.
> En delitos graves cuyo término de reclusión señalada en el tipo sea de cincuenta (50) años, la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir quince (15) años de su sentencia o cinco (5) años si se trata de un menor de edad procesado y sentenciado como adulto.
> **En caso de la persona convicta de asesinato en primer grado, un delito cuya pena sea de noventa y nueve (99) años o reincidencia habitual** la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra, al cumplir veinticinco (25) años de su sentencia, o diez (10) años, si se trata de un menor de edad procesado y sentenciado como adulto. **Las personas convictas al amparo del inciso (c) del Artículo 93 estarán excluidas del privilegio de libertad bajo palabra.**
> **En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva**, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.

Por otra parte, la Sección 2 de la Ley Núm. 85-2022 enmendó el Art. 3 la Ley Núm. 118  de 22 de julio de 1974, de la *Ley de la Junta de Libertad Bajo Palabra*, de la siguiente forma:

> **Artículo 3. – Autoridades, deberes y poderes de la Junta**
> La Junta de Libertad Bajo Palabra tendrá la siguiente autoridad, poderes y deberes:
> (a) …
> …
> (1) …
> …
> (4) …
> Podrá así mismo decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico que haya sido convicta conforme a las disposiciones de la Ley 146-2012, conocida

como "*Código Penal de Puerto Rico de 2012*" **al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto**. <u>Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto</u> o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.

**En caso de la persona convicta de asesinato en primer grado bajo la Ley 146-2012**, esta podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra <u>al cumplir veinticinco (25) años de su sentencia</u>, o diez (10) años , si se trata de un menor de edad procesado y sentenciado como adulto.

**La Junta podrá considerar para la libertad bajo palabra a aquellas personas que hayan utilizado o intentado utilizar un arma de fuego ilegal en la comisión de un delito grave o su tentativa**, según definido en la Ley 146-2012, según enmendada. La Junta podrá conceder el beneficio cuando se ha determinado reincidencia habitual por delitos no violentos al cumplir veinticinco (25) años de su sentencia de reclusión, pero no podrá conceder el beneficio cuando la persona haya resultado convicta por delitos de agresión sexual o pornografía infantil en cualquiera de sus modalidades, según definidos en la Ley 146-2012, según enmendada. Antes de conceder el beneficio, la Junta considerará todas las disposiciones contenidas en el Artículo 3-B de esta Ley y lo que contemplan en la Ley 22-1988, mejor conocida como la Ley de la "*Carta de Derechos de Víctimas y Testigos de Delito*", según enmendada, para garantizarle a las víctimas todos los derechos.

…

(5) **En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva**, la persona convicta tendrá derecho a cualificar para libertad bajo palabra <u>al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos</u>. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.

…

(b) …

…

(k) Podrá acudir al Tribunal a solicitar modificación en la sentencia de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico.

Por último, y en lo que respecta a la Sección 3 de la mencionada Ley Núm. 85-2022, se establece lo siguiente:

Esta Ley aplicará de manera retroactiva, independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada. **Las cláusulas de prohibiciones absolutas de libertad bajo palabra en los delitos de leyes penales especiales** <u>no serán aplicables al caso de menores juzgados y sentenciados como adultos cuando contravengan lo aquí establecido</u>.

**-III-**

El señor Ortiz Colón solicita que revisemos la determinación tomada por la CCT en la que se ratificó el nivel de su custodia a mediana.

Sin embargo, surge del expediente, que el 15 de marzo de 2023 el DCR emitió una nueva *Hoja de Control sobre Liquidación de Sentencia.* En la cual, aplicó el ajuste en virtud de la Ley Núm. 85 – 2022, *supra,* según solicitado por el recurrente. Entre otros temas, se le notificó que el computo mínimo de su sentencia del cárcel será el 16 de agosto de 2024.

Ante ello, el propio DCR, a través de la OPG, nos solicita que devolvamos el caso para la correspondiente **evaluación** del CCT del DCR, sobre si procede o no la reclasificación de custodia del señor Ortiz Colón ante la nueva *Hoja de Control sobre Liquidación de Sentencia.*[12]

Por lo tanto, procedemos a devolver el caso de epígrafe al CCT del DRC para su oportuna evaluación.

**-IV-**

Por los fundamentos antes expuestos, devolvemos el caso de epígrafe al CCT del DRC para su evaluación.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] Véase, la pág. 6 del escrito de la parte recurrida.